No. 11,672.

SIMON ET AL. *v.* COUNTY OF ARAPAHOE, ET AL.

Decided January 3, 1927. Rehearing denied February 7, 1927.

Action for dissolution and annexation to Denver of the city of Englewood. Judgment of dismissal.

*Reversed.*

1.  TOWNS AND CITIES—*Annexation—Procedure.* Proceedings for the annexation of a city to the City and County of Denver are governed by section 1, article 20 of the Constitution and C. L. section 9225, not by section 3 of article 14 of the Constitution.

*Error to the County Court of Arapahoe County, Hon. George W. Dunn, Judge.*

Messrs. MACBETH & GRANT, Mr. J. G. HOLLAND, for plaintiffs in error.

Mr. HENRY J. HERSEY, Mr. FLOR ASHBAUGH, Mr. WM. J. GRODZKI, Mr. C. C. CONANT, for defendants in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

The plaintiffs in error, as qualified electors and tax-payers of the city of Englewood, presented their petition to the county court of Arapahoe county, asking that the city of Englewood be dissolved and annexed to the City and County of Denver; that the court make an order requiring the city council of Englewood to submit the question to the taxpaying electors of the city.

Demurrers were filed to the petition by J. E. Abbott, a taxpayer and elector of Arapahoe county, and by the board of county commissioners of that county. The demurrers were sustained and the action dismissed. Plaintiffs prosecute error.

The question presented for our determination is whether the petition should have been presented to the county court and the question of annexation submitted to the voters of the city of Englewood, or whether the petition should have been presented to the board of county commissioners and the question submitted to the voters of Arapahoe county.

The plaintiffs claim that the annexation is governed by section 1 of article XX of the Constitution, and section 9225, C. L. 1921, while the defendants claim that the proceedings are governed by section 3 of article XIV of the Constitution.

That part of section 1, article XX involved here, reads: "The general annexation and consolidation statutes of the state shall apply to the City and County of Denver to the same extent and in the same manner that they would apply to the city of Denver if it were not merged, as in this amendment provided, into the City and County of Denver. Any contiguous town, city or territory here-after annexed to or consolidated with the City and County of Denver, under any of the laws of this state, in whatsoever county the same may be at the time, shall be detached per se from such other county and become a municipal and territorial part of the City and County of Denver, together with all property thereunto belonging."

Section 3 of article XIV of the Constitution reads: "No part of the territory of any county shall be stricken off and added to an adjoining county, without first submitting the question to the qualified voters of the county from which the territory is proposed to be stricken off; nor unless a majority of all the qualified voters of said county voting on the question shall vote therefor."

Section 9225, C. L. 1921, reads: "Whenever any town or city existing under the general laws of this state is contiguous to any city existing under any special charter of this state, * * * and in and by such special charter it is provided that whenever any such town or city shall, in pursuance of any law of this state, be dissolved or become annexed to the city existing under a special charter, that then the territory included within such town or city existing under general laws shall become part of the city existing under a special charter, then the town or city existing under general laws may be annexed to and become part of the city existing under a special charter in the manner following."

In their procedure the plaintiffs complied with section 9225, C. L. 1921.

The claim of the defendants is that Denver is a county as well as a city; that the city of Englewood is a part of Arapahoe county, and that its transfer to the city of Denver is a transfer of a part of the county of Arapahoe to the county of Denver and therefore that the procedure must be in accordance with section 3 of article XIV above quoted.

We think this contention of defendants cannot be sustained, for it appears quite plain that section 1 of article XX, above quoted, specifically provides otherwise, where it says the statutes "shall apply to the City and County of Denver to the same extent and in the same manner that they would apply to the city of Denver if it were not merged, as in this amendment provided, into the City and County of Denver."

If the city of Denver had not been merged into the

City and County of Denver, it would not be a county, and of course section 3 would have no application.

Section 1 of article XX appears so plain that its language and meaning need no construction. The views here expressed seem to be further borne out and emphasized by this language in section 1 that "any contiguous town, city or territory hereafter annexed to or consolidated with the City and County of Denver, under any of the laws of this state, in whatsoever county the same may be at the time, shall be detached per se from such other county and become   *   *   *   part of the City and County of Denver."

The court erred in sustaining the demurrers and in dismissing plaintiffs' action.

The judgment of the court must therefore be reversed.

MR. JUSTICE CAMPBELL dissents. MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD not participating.